IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-MJ-201 |
| | ) | |
| ASHLEY NICHOLE KOLHOFF, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**AFFIDAVIT IN SUPPORT OF A
CRIMINAL COMPLAINT AND AN ARREST WARRANT**

I, Brandon Smock, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1.      I have been employed as a Special Agent of the U.S. Department of Homeland

Security, Homeland Security Investigations ("HSI") since 2019 and am currently assigned to the

Child Exploitation Unit in Reston, Virginia.  I have attended and graduated the Federal Law

Enforcement Training Center Criminal Investigator Training Program as well as the HSI Special

Agent training program.  Prior to becoming a Special Agent, I was a sworn Police Officer with

the Prince William County Police Department in Virginia since 2012.  In the fall of 2016, I

became a Detective assigned to the Special Victim's Unit of the Prince William County Police

Department Criminal Investigations Division.  In the fall of 2017, I was assigned to the Northern

Virginia/District of Columbia Internet Crimes against Children Task Force ("ICAC").  Shortly

after, I was sworn in as a Special Police Officer with the Virginia State Police and later sworn in

as an HSI Task Force Officer.  As part of my current duties as an HSI Special Agent, I

investigate criminal violations relating to child exploitation and child pornography, including

violations involving production, distribution, receipt, transportation, possession, and access with

intent to view child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A.  I have received training in the area of child pornography and child exploitation and have observed and reviewed child pornography, as defined in 18 U.S.C. § 2256(8), numerous times in connection with my duties.  Due to my training and experience, I am able to identify child pornography when I see it.   Moreover, I am a federal law enforcement officer who is authorized to enforce the laws of the United States, including 18 U.S.C. § 2251.

2.      The facts and information in this Affidavit are based upon information that I obtained during this investigation and information that has been provided to me by other law enforcement sources.   Since this Affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to support an arrest warrant and criminal complaint.

3.      I submit this affidavit in support of a criminal complaint and arrest warrant charging ASHLEY NICHOLE KOLHOFF ("KOLHOFF") with producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e).  For the reasons set forth below, I submit that probable cause exists to believe that between in or about September 2020 and October 2020, KOLHOFF knowingly employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and the visual depiction was transported or transmitted using any means or facility of interstate or foreign commerce.  The visual depictions KOLHOFF produced were subsequently transmitted into the Eastern District of Virginia, where they were located by law enforcement.

2

**STATUTORY AUTHORITY AND DEFINITIONS**

4.      Title 18, U.S. Code, Section 2251(a) prohibits a person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, or attempting or conspiring to do so, if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce.

5.      The term "minor," as defined in 18 U.S.C. § 2256(1), means any person under the age of 18 years.

6.      The term "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2)(A)(i)–(v), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

7.      The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data that is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

8.      The term "child pornography," as defined in 18 U.S.C. § 2256(8), is any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical or other means, of

3

sexually explicit conduct, where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

9.      The term "computer," as used herein, refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device" and includes smartphones, and mobile phones and devices.  *See* 18 U.S.C. § 1030(e)(1).

10.     An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.  Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

**SUMMARY OF PROBABLE CAUSE**

11.     On December 17, 2020, HSI agents, in conjunction with the Northern Virginia/District of Columbia ICAC and the Fauquier County Sheriff's Office, executed a search warrant on the residence of JOHN DOE.[1]  At the time, JOHN DOE was under investigation in

---

[1] The real identity of "John Doe" is known to law enforcement but is being anonymized to protect the ongoing investigation.

Fauquier County based on multiple CyberTips from the National Center of Missing and

Exploited Children (NCMEC), and was under investigation by HSI in another district for several

child exploitation offenses.  During the search warrant on JOHN DOE's residence, located

within the Eastern District of Virginia, HSI seized dozens of items, several of which were

believed to be related to the operation of a website ("WEBSITE") promoting child sexual

exploitation and the production and distribution of child pornography.[2]  Investigators identified

database files indicative of an active child pornography server, including backups of the

WEBSITE itself, including images and message boards. The images included, among other

things, visual depictions of minors engaged in sexually explicit activity. Subsequent forensic

analysis revealed that JOHN DOE was backing up the file system containing the images

periodically.  The analysis determined that a file system backup occurred on or about October 1,

2020.  Therefore, the images were transmitted into the Eastern District of Virginia, at the latest,

on or about October 1, 2020.

       12.     On June 3, 2021, while conducting a review of the WEBSITE's contents

recovered in the Eastern District of Virginia, law enforcement identified a particular user (the

"USER"), subsequently identified as Ashley Nichole KOLHOFF. A review of the website

information indicated that the USER was a member from Ohio who joined the website on or

about September 11, 2020.

       13.     On or about September 11, 2020, the USER posted a forum thread with the title,

"My baby is beautiful".  Under the forum thread, the USER posted "Anyone want pics?".

---

[2] The identity of the WEBSITE is known to law enforcement but is being anonymized to protect
the ongoing investigation. The WEBSITE is known to be a location for the solicitation of child
sexual abuse as well as a location to produce and/or distribute child pornography.

Multiple WEBSITE users responded, requesting the images as well as asking for "Dm"s.  I know from my training and experience that "Dm" is likely a reference to "direct message."

14.     On or about September 12, 2020, the WEBSITE's administrator account ("ADMINSTRATOR"), operated by JOHN DOE, who at all relevant times resided in the Eastern District of Virginia, responded directly to the USER in the forum thread and stated, "Do it".

15.     On or about September 12, 2020, the USER posted a direct thread to the ADMINSTRATOR with the thread title "My baby pics".  Additionally, the USER posted in the thread, "Here's some pics hope you like them".  The USER included five media files of an infant female in the post.  A sample of the files are described below:

a.  File name: 79de2cce-44f7-462d-9b97-c992a84830af.jpeg

    i.   This media file appears to be a closeup view of an infant female's vagina being spread/manipulated by two fingers.

b.  File name: 955e9ac3-4035-4656-a24b-85f78afda21f.jpeg

    i.   This media file appears to be an infant female lying on her stomach without pants or a diaper while what appears to be an adult right hand spreads the cheeks of the infant female's buttocks, exposing the infant female's anus.

    ii.  The adult hand in the image has multiple visible freckles, including two particularly prominent freckles in distinct locations of the hand.

16.     Law enforcement's analysis of the image attachments associated with the USER included multiple "selfie"-style photos of a young adult female, later determined to be KOLHOFF.

6

17.     Further analysis of the USER account on the WEBSITE revealed additional images including a media file, posted by the USER, with Exchangeable Image File Format (EXIF)[3] data indicating that the image was created on September 11, 2020, was taken with an Apple iPhone 7, and was taken at latitude and longitude coordinates corresponding to an address law enforcement determined to be KOLHOFF's residence in Port Clinton, Ohio.

18.     Further review of the WESBITE records revealed two social media accounts associated with the USER account: Allynichole2k17 and AshleyK99. Additionally, two Google email addresses were identified as associated with the USER account: Ashley.Kolhoff2k17@gmail.com and Allynichole99@gmail.com.

19.     The IP address used by the USER account to upload the child pornography files described above resolves to the building in Port Clinton, Ohio where KOLHOFF resides. According to the Internet Service Provider (ISP), the subscriber of the IP address appears to be the first-floor resident of the building where KOLHOFF resides on the second floor.[4]

20.     On June 7, 2021, the Honorable Darrell A. Clay, United States Magistrate Judge for the Northern District of Ohio, issued a Federal search and seizure warrant for KOLHOFF's residence, based on an affidavit by your affiant establishing probable cause that evidence of federal child pornography offenses would be located in the residence.

21.     During the June 8, 2021 search warrant operation at KOLHOFF's residence, KOLHOFF was present at the home, along with the child suspected to be depicted in the images described above, and the father of the child. Law enforcement officers conducting the search

---

[3] EXIF defines information related to the media file to include information about the camera, location, and creation date.
[4] The first name of the listed subscriber differs from the actual name of the first-floor resident by a single letter; the rest of the name, as well as the last name, are the same.

determined that KOLHOFF's appearance matched the young adult female in the "selfie"-style photos the USER account posted to the WEBSITE. Additionally, your affiant observed and photographed KOLHOFF's right hand.  KOLHOFF's right hand has freckles that are visually consistent with the freckles on the hand of the individual in the image described in paragraph 15 above.

22.     During the search of the residence, law enforcement searched for electronic devices and computer equipment that could contain evidence of the child exploitation offenses listed on the warrant, namely production, advertising, distribution, and possession of child pornography.  Law enforcement located an Apple iPhone 7 in the residence that appeared to belong to KOLHOFF (KOLHOFF's name appears under the "Settings" tab of the phone). Additionally, on-site analysis of the phone revealed that the USER account for the WEBSITE, as well as an email address associated with the USER account on the WEBSITE (Allynichole99@gmail.com), were stored in the phone's Apple Keychain.

23.     After reading KOLHOFF her Miranda rights, which KOLHOFF waived, investigators interviewed KOLHOFF.  KOLHOFF denied producing the child pornography but acknowledged that she uses her downstairs (first-floor) neighbor's internet connection in lieu of subscribing to her own.

(continued on next page)

**CONCLUSION**

24.     Based on the foregoing, I submit that there is probable cause to believe that between in or about September 2020 and October 2020, ASHLEY NICHOLE KOLHOFF knowingly produced child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and respectfully request that a criminal complaint and arrest warrant be issued for KOLHOFF.

Respectfully submitted,

BRANDON
M SMOCK

Digitally signed by
BRANDON M SMOCK
Date: 2021.06.08
19:54:40 -04'00'

Brandon Smock, Special Agent
Homeland Security Investigations

Respectfully submitted and attested to in accordance with the requirements of Fed. R. Crim. P. 41 via telephone on June 9, 2021.

John F.
Anderson

Digitally signed by John F.
Anderson
Date: 2021.06.09 10:54:48
-04'00'

The Honorable John F. Anderson
United States Magistrate Judge

9